68    507
68    523

JOHN VANDERVOORT ET AL., PARTNERS TRADING, &c., PROSECUTORS, v. WILLIAM H. FLEMING.

Argued June 3, 1902—Decided November 10, 1902.

1. Where the defendant appeals from a judgment in a Justice's Court, after the justice had lost jurisdiction of the cause by reason of an irregular adjournment, he cannot take advantage of the irregularity by a motion to nonsuit when the appeal is moved in the Common Pleas, but must submit to a retrial on the merits. In order to review such irregularity he must proceed by *certiorari.* The two remedies are concurrent, and he must select between them.

2. *Quære.* If, after thus losing jurisdiction, the justice fixes a day for trial and the parties appear pursuant to notice, will the failure of a defendant to object for want of jurisdiction until after a jury has been demanded, empaneled and sworn operate as a waiver of the irregularity?

On *certiorari* to the Hunterdon Pleas.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutors, *Codington & Swackhamer.*

For the defendant, *George H. Large.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ·brings up for review a judgment of nonsuit by the Hunterdon Pleas, granted on the trial of an appeal. The ground of the motion was that the justice of the peace, at the. time he gave judgment, had lost jurisdiction of the cause through an irregular adjournment. The case was tried by jury in the Justice's Court and the result was a disagreement. The justice failed to adjourn to a day, but afterwards set down the cause for trial a week later and gave notice to the parties. On the day appointed both parties appeared with their respective counsel; the plaintiff asked a jury, which was summoned and sworn, and the case was about to proceed, when the defendant's coun-

sel moved to dismiss the suit on the ground that the case had not been regularly continued, and the parties were now out of court; that defendant appeared under protest. The justice allowed the trial to proceed, in which the defendant participated, resulting in a verdict and judgment, from which the defendant appealed. The prosecutor contends that the nonsuit was erroneous; that an appeal having been taken, the court must retry the case on its merits, and without regard to alleged irregularities in the trial below. This contention must be sustained. It was decided by this court in *Barclay* v. *Brabston,* 20 *Vroom* 629, that upon the trial of an appeal regularly taken it is the duty of the court to retry the cause upon the merits, and not to pass upon the legality of the procedure of the court below, citing cases. It was also decided in that case that where the justice's judgment was rendered on a day when he had no jurisdiction of the cause, the defendant had a choice of remedies by appeal for a new trial or by *certiorari* for a mere legal review. To the like effect is the case of *Steinlein* v. *Folwell,* 24 *Id.* 176. These cases are decisive of the question now before us. The case of *Parker* v. *Mercantile Safe Deposit Co.,* 34 *Id.* 505, has been cited as giving color to the view that on an appeal where jurisdiction has been lost on the trial below, the party aggrieved would have the same remedy against such illegality by an appeal as he would have upon *certiorari* to this court. But such a question did not arise in the cause. It was heard upon *certiorari,* and after declaring the judgment invalid, the court simply declared that in such case an appeal and writ of *certiorari* were concurrent remedies. A perusal of the cases there cited will make this conclusion entirely clear.

Another question has been suggested, and that is this: Admitting the irregularity of the justice in failing to adjourn after the first trial, was there a waiver of such irregularity by the defendant when he appeared at the second trial and made no objection or protest until after a jury had been demanded, empaneled and sworn? It was intimated, though not decided, in *Allen* v. *Summit Board, &c.,* 17 *Vroom* 99, that such a waiver might be inferred by defendant's appearing with-

out objection and participating in the trial. It is not now necessary to determine that question. The result is that the judgment of nonsuit is reversed and the case remitted to the Common Pleas for trial. The prosecutor will be allowed costs.